UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHARLES BLUNT,

          Plaintiff,           Case No. 2:20-cv-14

v.                                          Honorable Robert J. Jonker

A. ORTIZ et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants King and Unknown Party #1. The Court will also deny Plaintiff's pending motion.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility. Plaintiff sues URF Corrections Officers A. Ortiz and Unknown King, and Nurse Unknown Party #1.

Plaintiff alleges that on December 21, 2018, Defendant Ortiz escorted him to a misconduct hearing and then back to his cell. While being escorted back to his cell, Plaintiff attempted to stop and speak with another URF employee, but Defendant Ortiz "jerk[ed] the strap . . . connected to [P]laintiff's handcuff" inflicting pain. (Compl., ECF No. 1, PageID.5.) Plaintiff alleges that "Defendant Ortiz stated, 'if you stop again, I'll injure more than your wrist.'" (*Id.*)

As Plaintiff and Defendant Ortiz approached Plaintiff's cell door, Plaintiff informed Defendant Ortiz that he intended to file a grievance for excessive force for the earlier incident. As Plaintiff entered his cell, Defendant Ortiz again jerked Plaintiff backward, this time causing him to fall.

Although Plaintiff's account of the next few moments omits several details, he apparently caught himself on the doorjamb, and Defendant Ortiz continued pulling on the strap. During the episode, Plaintiff began yelling out for help, which drew multiple corrections officers who ultimately "had to come and forcibly remove the strap from Defendant Ortiz['s] hands and ordered him to leave the area." (*Id.*, PageID.6.)

Plaintiff alleges that, as a result of the events with Defendant Ortiz, he suffered injuries to his wrists and back. He requested a health care visit to have the injuries examined, but Defendant King instructed him to write a kite. Later that day, Plaintiff informed Defendant Unknown Party #1 of his injuries, and she too instructed Plaintiff to write a kite. The complaint does not specify whether Plaintiff followed either instruction, but he did write grievances against both Defendants King and Unknown Party #1. Plaintiff alleges the grievances were picked up by

2

Defendant King, and because they were never turned in, he implies that Defendant King must have disposed of them.

Plaintiff asserts Eighth Amendment claims against Defendant Ortiz for excessive force, and against Defendants King and Unknown Party #1 for deliberate indifference to his serious medical needs. Plaintiff further alleges claims arising under the First Amendment against Defendant Ortiz for retaliation and against Defendant King for interference with his ability to petition the government.

Plaintiff seeks declaratory relief, as well as compensatory and punitive damages, including damages for his mental or emotional distress.[1]

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

---

[1] A claim for recovery of Plaintiff's mental or emotional injuries requires first that he show physical injury. *See* 42 U.S.C. § 1997e(e).

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Eighth Amendment

Plaintiff alleges that Defendant Ortiz used excessive force and that Defendants King and Unknown Party #1 were deliberately indifferent to his medical needs.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

4

### A. Excessive Force

Plaintiff alleges Defendant Ortiz used excessive force because he jerked on the strap linked to Plaintiff's handcuffs.

On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011). But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

There is an objective component and a subjective component to an Eighth Amendment claim of excessive force. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of

decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged that Defendant Ortiz used excessive force in violation of the Eighth Amendment.

### B. Deliberate Indifference

Plaintiff further alleges that Defendants King and Unknown Person #1 were deliberately indifferent to his serious medical needs when they deprived him of medical care.

The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the

detrimental effect of the delay in medical treatment," *Napier v. Madison Cty*., 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff fails both components. Plaintiff alleges that he informed Defendants King and Unknown Party #1 of his injuries, and "requested to be taken to health care to have his wrist and back examined." (Compl., ECF No. 1, PageID.6.) Both Defendants responded that Plaintiff should write a kite to be seen by medical staff. Plaintiff has not alleged facts indicating that his injuries were anything but minor or non-obvious. *See Blackmore*, 390 F.3d at 898. Nor has he placed medical evidence into the record to show some detrimental effect that resulted from a delay in receiving medical care. *See Napier*, 238 F.3d at 742. Indeed, that Plaintiff requested to have his injuries *examined* rather than *treated* is revealing. So too is his omission of any indication that he submitted a kite to see medical staff as instructed. Plaintiff clearly fails to show that his medical needs were obvious to a lay person or that a delay in treatment resulted in harm, and thus, he fails to establish the objective component. *See Blackmore*, 390 F.3d at 899; *Napier*, 238 F.3d at 742.

Likewise, Plaintiff fails to allege facts showing that Defendants King and Unknown Party #1 had any awareness of facts suggesting he faced a substantial risk of serious harm in the absence of medical care. The facts Plaintiff alleges simply do not fairly imply that he faced a

7

substantial risk of serious harm, much less that Defendants had drawn the necessary inference. Moreover, both Defendants instructed Plaintiff how to proceed so that he could be examined. Thus, Plaintiff utterly fails to show the requisite state of mind in either Defendant King or Unknown Party #1 to allege the subjective component. *Brown*, 207 F.3d at 867.

Therefore, because Plaintiff has satisfied neither the objective nor the subjective component, he fails to allege facts to sufficiently allege a claim of deliberate indifference against Defendants King and Unknown Party #1. Accordingly, the Court will dismiss Plaintiff's deliberate indifference claims against Defendants King and Unknown Party #1.

## IV. First Amendment

Plaintiff alleges that Defendant Ortiz retaliated against him and that Defendant King interfered with his right to petition the government.

### A. Retaliation

Plaintiff alleges that after he threatened to file a grievance against Defendant Ortiz, Defendant Ortiz retaliated against him by jerking on the straps linked to Plaintiff's handcuffs.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged that Defendant Ortiz subjected him to retaliation in violation of the First Amendment.

### B. Interference with Right to Petition Government

Plaintiff contends that Defendant King violated federal law by throwing away his grievances thereby preventing his grievances from being properly filed.

A plaintiff's right to petition government is not violated by a defendant's failure to process or act on his grievances. The First Amendment "right to petition government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Moreover, Defendant's actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415-16 (6th Cir. 2014) (citing *N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his pro se invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would

not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim.

## V. Plaintiff's Pending Motion for Substitute Service

On February 6, 2020, Plaintiff submitted a motion for substitute service (ECF No. 3). In his motion, Plaintiff requests service of the summons and complaint by the U.S. Marshals Service. Also on February 6, 2020, the Court granted Plaintiff leave to proceed with pauper status (ECF No. 4) stating that "[a]ny pleadings herein served by the United States Marshal shall be at the expense of the United States government," (ECF No. 4, PageID.24). *See* 28 U.S.C. § 1915(d). Thus, Plaintiff requests what the Court has already provided. Accordingly, the Court will deny Plaintiff's motion as moot.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants King and Unknown Party #1 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's excessive force and retaliation claims against Defendant Ortiz remain in the case. The Court will also deny Plaintiff's pending motion for substitute service (ECF No. 3).

An order consistent with this opinion will be entered.

Dated:   March 4, 2020               /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE